Citation Nr: 1710375 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 10-47 633 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a left foot disorder.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. Marenna, Counsel


INTRODUCTION

The Veteran served on active duty from September 1960 to September 1964. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.


FINDING OF FACT

A left foot disorder is not shown in service and is not related to the Veteran's military service.


CONCLUSION OF LAW

The criteria for service connection for a left foot disorder have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Service connection may be established for a disability resulting from personal injury incurred or disease contracted in the line of duty, or for aggravation of a preexisting injury incurred or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred during service. 38 U.S.C.A. § 1113(b) (West 2014); 38 C.F.R. § 3.303(d). Generally, the evidence must show: (1) the existence of a present disability; (2) inservice incurrence or aggravation of the disability; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

The Veteran has asserted that he has a left foot disorder caused by a car accident in service. In a December 2010 substantive appeal, the Veteran stated that in the accident, his legs went under the dashboard causing a laceration on his left tibia and the injury to his left foot. The Veteran stated that over the years his big toe fused itself to his foot so he could not bend it at all. He stated that due to this he had an implant in his foot.

An August 1960 enlistment examination report indicated the Veteran's feet were normal. In a February 1961 report of medical history, the Veteran denied having had foot trouble. A May 1961 service treatment record noted the Veteran was involved in a motor vehicle accident. The record noted the Veteran had a bloody nose, abrasion on the right forearm, and a laceration of the left tibia. An August 1961 service treatment record noted the Veteran slipped on stairs and injured his left ankle. The assessment was a minor sprain of the left ankle. X-rays showed no abnormalities. A November 1961 x-ray of the left foot showed no fracture. A May 1964 service treatment record indicated the Veteran had a small laceration of the left leg after he ran into the back of another vehicle stopped in the middle of the road in April 1964. An August 1964 separation examination report indicated the Veteran's feet were normal. No foot problems were noted. In an August 1964 report of medical history, the Veteran denied having had foot trouble. 

A September 1975 VA medical examination noted the Veteran reported a history of a car accident while in service with injuries to the left shin, nose (mouth area), and right forearm. At the examination, the Veteran also reported having stiffness in the right knee. He said at present his shin did not bother him. The Veteran did not note any left foot problems or that he had injured his foot in service, to include the car accident. 

A November 2001 VA treatment record indicated the Veteran's gait was normal. No left foot pain was noted. The Veteran noted having a history of back and left knee injuries, but did not note any foot injuries. 

An October 2008 VA treatment record indicated the Veteran had a left first metatarsal arthroplasty. A November 2008 VA treatment record noted that the Veteran reported that joint was painful and he could not move it. Radiology showed severe left hallux rigidus deformity, osteophytic first metacarpophalangeal joint. A March 2010 VA treatment record reflected the Veteran reported having ongoing left foot pain despite surgery last year for a left great toe metacarpophalangeal joint implant. 

At an August 2014 hearing before the board, the Veteran testified that his foot was swollen following the car accident in service. He stated that over the years, his foot kept swelling until it got to the size of a golf ball. The Veteran testified that he did not seek treatment for his foot in the years immediately following service. He said he saw a private podiatrist in the 1970s. He testified that he did not see a VA doctor until the 1990s. He had a foot implant in 2008. Although the Veteran indicated he "may" have sought treatment for his left foot at the VA in Boston in the 1970s, following a request for additional information from the Veteran in July 2016, he failed to provide necessary additional information about his treatment.

In a February 2015 VA examination report a VA examiner opined that it was "less likely as not" that any currently or previously diagnosed left foot disorder was incurred in or due to the Veteran's active duty. The VA examination report noted a diagnosis of residuals status post left first metacarpophalangeal joint implant arthroplasty. Degenerative or traumatic arthritis was not documented. The VA examiner noted that there was no documentation of a left foot disorder in the Veteran's service treatment records. The Veteran was noted to have a motor vehicle accident in the service, but there was no documentation of a left foot injury as a result of that accident. The Veteran's separation physical noted the Veteran reported that he did not have any foot trouble, and the clinical examination found no foot abnormality. The Veteran provided a history that after service, he was seen by a podiatrist in Gloucester and was given a shoe implant to support the toe. He reported no x-rays were done but reported he had a golf ball size swelling in his foot. The VA examiner noted that the Veteran's VA treatment records indicated that the Veteran did not report having a foot condition until 2008. The VA examiner stated that the Veteran held various jobs including at the police department, and passed the physical examination to join the police department. The examiner stated, "This clearly shows that the veteran did not have a left foot disability when he joined the police department." The examiner also noted that the Veteran reported at the August 2014 hearing before the Board that he wore regular uniform shoes while he was a police officer and did not wear any special shoes for a foot condition. The examiner stated "Medical literature supports that hallux valgus condition causes difficulty in wearing footwear." The examiner noted the Veteran's service medical record did not show any documentation of a hallux valgus condition/left great toe condition during the active military service. The Veteran was first noted to have hallux valgus in 2008 about forty-four post active military service. 

In a July 2016 addendum opinion, a VA examiner reviewed the Veteran's records and opined that it was "less likely than not" that any previously or currently diagnosed left foot disorder is related to the Veteran's military service. The examiner noted that there was no documentation of a left foot condition in service. The Veteran was first seen at the VA for medical care in 1994, but did not report any left foot condition until 2008. 

Based on a thorough review of the evidence of record, the Board finds that the preponderance of the evidence is against the claim for service connection for a left foot disorder. The Veteran has residuals of a left first metacarpophalangeal joint implant arthroplasty. However, the evidence does not show that the Veteran's left foot disorder is related to service. The Veteran's service treatment records do not note any complaints or treatment for a left foot disorder. The Veteran's August 1964 separation examination report indicates the Veteran's feet were normal. Significantly, in the August 1964 separation report of medical history, the Veteran denied having had foot trouble. Although a motor vehicle accident is noted in the Veteran's service treatment records, he did not report any left foot injury at the time of the accident. A left foot x-ray in service after the motor vehicle accident was negative. The Veteran testified that he did not seek treatment for his foot until the 1970s, many years after his discharge from service. He had surgery on the foot in 2008, more than forty years after his separation from service. The February 2015 and July 2016 VA opinions found that it was "less likely" than not that any previously or currently diagnosed left foot disorder was related to the Veteran's military service. The VA examiner provided a thorough rationale for the opinions based on a full review of the evidence of record. There are no medical opinions of record indicating a nexus between the left foot disorder and service. 

While the Veteran believes that he has a left foot disorder that is related to his military service, he is not shown to have specialized training sufficient to render such an opinion as to the diagnosis or etiology of a left foot disorder. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). As such, his statements are not competent evidence as to the diagnosis or etiology of any left foot disorder.

Finally, in reaching this decision the Board considered the doctrine of reasonable doubt. However, as the preponderance of the evidence is against the Veteran's claim for service connection for a left foot disorder, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for a left foot disorder is denied.



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs